UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

EDWARD COPELAND,

          Petitioner,

  -against-

UNITED STATES OF AMERICA,

          Respondent.

---------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:03-cr-01120-FB-1

*Appearances*:
*For Plaintiff*:
DANIEL GEORGE HABIB
Federal Defenders of NY
52 Duane Street, 10th Floor
New York, NY 10007

*For Defendants*:
BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

by:   MATTHEW HAGGANS
       Assistant United States Attorney
       271 Cadman Plaza East
       Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Edward Copeland ("Copeland") moves under 28 U.S.C. § 2255 to vacate his judgment of conviction for brandishing a firearm during and in relation to a crime of violence. He argues that his conviction for bank robbery under 18 U.S.C. § 2113(d) no longer qualifies as a "crime of violence" after *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons discussed below, the motion is denied.

Copeland's primary argument is that bank robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)'s "force clause," which covers "any offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force

against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the Second Circuit stated the contrary in *(Leonard) Johnson v. United States*, 779 F.3d 125, 128–29 (2d Cir. 2015). Although the statement was arguably dicta, the court has repeatedly held that bank robbery satisfies the force clause's counterpart in similarly worded provisions. *See, e.g.*, *Killion v. United States*, 728 F. App'x 19, 21 (2d Cir. 2018) ("violent felony" under the Armed Career Criminal Act); *United States v. Dykes*, 724 F. App'x 39, 45 (2d Cir. 2018) (crime of violence under U.S.S.G. § 4B1.2). Moreover, an overwhelming majority of other circuits has held that bank robbery is a crime of violence under the force clause in § 924(c). *See Thomas v. United States*, 2018 WL 3094936, at *3 (E.D.N.Y. June 22, 2018) (collecting cases). The Court finds these authorities persuasive.

Copeland insists that the force clause does not apply because it requires that he personally used, attempted to use, or threatened to use physical force, while his bank robbery charge rested on a theory of co-conspirator liability under *Pinkerton v. United States*, 328 U.S. § 640 (1946). However, when determining whether an offense is a "crime of violence" under § 924(c), the Court "employ[s] a 'categorical approach,' . . . focus[ing] on the intrinsic nature of the offense rather than on the circumstances of a particular crime." *United States v. Ivezaj*, 568 F.3d 88, 95 (2d Cir. 2009) (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006)). That Copeland committed

the crime as a co-conspirator is a particular circumstance of the crime that the Court may not consider.

Moreover, as the Second Circuit held in the substantially similar context of the Armed Career Criminal Act, the force clause does not require that the defendant himself used force; it is enough that another participant in the crime did so. *See Stuckey v. United States*, 878 F.3d 62, 70 (2d Cir. 2017). Copeland's argument that § 924(c) requires his personal use of force or intent to use force is therefore incorrect.[1]

Accordingly, the motion is denied. Because Copeland has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 25, 2018

---

[1] Given that Copeland's bank robbery conviction qualifies as a crime of violence under the force clause, the Court need not consider his argument that § 924(c)'s "residual clause"—also known as the "risk-of-force clause"—was rendered unconstitutional by *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Hill*, 890 F.3d 51, 53 n.2 (2d Cir. 2018) (declining to consider constitutionality of § 924(c)'s risk-of-force clause because the defendant's conviction satisfied the force clause).